IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD EVERETT NEWTON | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-09-CV-0489-G |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Ronald Everett Newton, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

A Dallas County grand jury indicted petitioner on one count of aggravated robbery with a deadly weapon. After waiving his right to a jury trial, petitioner was convicted by the court of the lesser included offense of aggravated assault with a deadly weapon. Punishment, enhanced by two prior felony convictions, was assessed at 25 years confinement. His conviction and sentence were affirmed on direct appeal. *Newton v. State*, No. 05-05-00624-CR, 2006 WL 1529708 (Tex. App.-- Dallas, Jun. 6, 2006, no pet.). Petitioner also filed an application for state post-conviction relief. The application was denied without written order on the findings of the trial court. *Ex parte Newton*, WR-51,952-03 (Tex. Crim. App. Jan. 14, 2009). Having exhausted his state remedies, petitioner now seeks federal habeas relief.

II.

In four grounds, petitioner contends that: (1) he received ineffective assistance of counsel at trial and on appeal; and (2) the evidence was legally and factually insufficient to support his conviction.

A.

Petitioner argues that his representation at trial was constitutionally deficient in various respects. Although petitioner cites 12 instances of ineffective assistance of counsel in his federal writ, (*see* Hab. Pet. at 6), his claims can be grouped into three broad categories: (1) counsel failed to adequately investigate the case, review the evidence, file pretrial motions, negotiate a favorable plea agreement, and advise petitioner of his constitutional rights; (2) counsel made poor tactical decisions throughout the trial; and (3) counsel failed to argue against petitioner's conviction on the lesser charge of aggravated assault. Petitioner also faults his appellate lawyer for not raising certain issues on direct appeal.

1.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064. Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *Id.* at 2067.

Where, as here, a state court has already rejected a claim of ineffective assistance of counsel, a federal court may grant habeas relief only if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1); *see also Threadgill v. Quarterman*, No. 3-05-CV-2217-D, 2009 WL 2448499 at *5 (N.D. Tex. Aug. 10, 2009) (citing cases) (holding that both prongs of the *Strickland* test present a mixed question of law and fact that is reviewed under section 2254(d)(1)). A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 1519-20, 146 L.Ed.2d 389 (2000). A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523; *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). Factual determinations made by the state court are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Threadgill*, 2009 WL 2448499 at *5 (citing cases). This presumption applies not only to explicit findings of fact, but "it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Threadgill*, 2009 WL 2448499 at *5, *quoting Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001), *cert. denied*, 123 S.Ct. 106 (2002).

On federal habeas review, the district court reviews "only the ultimate decision of the state court, and not the specific contents of its reasoning or opinion." *Blanton v. Quarterman*, 543 F.3d

230, 236 (5th Cir. 2008), *cert. denied*, 129 S.Ct. 2383 (2009). When the Texas Court of Criminal Appeals denies post-conviction relief without written order on findings of the trial court, the federal habeas court "(1) assumes that the state court applied the proper 'clearly established Federal law'; and (2) then determines whether its decision was 'contrary to' or 'an objectively unreasonable application of' that law." *Threadgill*, 2009 WL 2448499 at *5, *quoting Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 1156 (2004).

2.

Petitioner alleges that his attorney failed to adequately investigate the case, review the evidence, file pretrial motions, negotiate a favorable plea agreement, and explain his constitutional rights. "An attorney has a duty to independently investigate the charges against his client." *Bower v. Quarterman*, 497 F.3d 459, 467 (5th Cir. 2007), *cert. denied*, 128 S.Ct. 2051 (2008), *citing Wiggins v. Smith*, 539 U.S. 510, 524, 123 S.Ct. 2527, 2536-37, 156 L.Ed.2d 471 (2003). While the precise contours of a reasonable investigation are fact-specific and not clearly defined, the Fifth Circuit has held that "[i]nformed evaluation of potential defenses to criminal charges and meaningful discussion with one's client of the realities of his case are cornerstones of effective assistance of counsel." *Id.*, *quoting Washington v. Watkins*, 655 F.2d 1346, 1355 (5th Cir. 1981), *cert. denied*, 102 S.Ct. 2021 (1982). The reasonableness of an attorney's investigation depends, in part, on information supplied by the defendant. *Ransom v. Johnson*, 126 F.3d 716, 723 (5th Cir.), *cert. denied*, 118 S.Ct. 361 (1997); *see also Strickland*, 104 S.Ct. at 2066 ("The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions . . . In particular, what investigation decisions are reasonable depends critically on such information."). In order to establish that counsel was ineffective for failing to investigate, "a petitioner must allege with

specificity what the investigation would have revealed and how it would have changed the outcome of the trial." *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005).

Petitioner was indicted on one count of aggravated robbery with a deadly weapon--a first degree felony punishable by up to life imprisonment. *See* TEX. PENAL CODE ANN. § 29.03(a)(2) & (b). The indictment also contained two enhancement paragraphs alleging prior convictions for tampering with physical evidence and theft of property from a person. *See Ex parte Newton*, WR-51,952-03, Tr-II at 95. At an evidentiary hearing on petitioner's state writ, his former attorney, Fred Tinsley, testified that he investigated the facts of the case, reviewed the prosecutor's file, and met with petitioner at least four times in jail and "many other times" in the court's hold-over cell. *See id.*, Tr-I at 37. Tinsley also kept in contact with petitioner's mother. *Id.*, Tr-I at 33-34. After petitioner rejected a 30-year plea offer from the state, Tinsley reviewed the options available for disposing of the case, including the option of a jury trial or a bench trial. *Id.*, Tr-I at 32-33. Petitioner elected to waive a jury and try the case to the court. (*See* SF-I at 5-7). Tinsley did not file any pretrial motions because the prosecutor provided full discovery and he had notice of all evidence to be admitted in the case. *Ex parte Newton*, WR-51,952-03, Tr-I at 43. The victim was not interviewed prior to trial because Tinsley did not want to reveal the type of questions he might ask on cross-examination. *Id.*, Tr-I at 42-43. Ultimately, petitioner was convicted by the judge of the lesser included offense of aggravated assault with a deadly weapon--a second degree felony. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) & (b). Before sentencing, Tinsley advised petitioner to plead true to the enhancement paragraphs of the indictment because he thought the judge might impose a lesser punishment if petitioner admitted his prior convictions. *See Ex parte Newton*, WR-51,952-03, Tr-I at 36. As predicted by Tinsley, the judge sentenced petitioner to 25 years confinement--the

minimum punishment for a second degree felony enhanced by two prior convictions. *See* TEX. PENAL CODE ANN. § 12.42(d).

Based on this evidence, the state habeas court found that Tinsley "adequately prepared for trial," discussed with petitioner "all the available means of disposing of this case," and conducted himself in an effective manner throughout the proceedings. *See Ex parte Newton*, WR-51,952-03, Tr-II at 91-92. Those findings are conclusive in a subsequent federal habeas proceeding unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Valdez*, 274 F.3d at 948 n.11 (presumption of correctness applies to both explicit and implicit findings necessary to state court's conclusions of mixed law and fact). Petitioner has failed to offer any evidence, much less clear and convincing evidence, to rebut the state court findings.

3.

Nor has petitioner shown that Tinsley was ineffective because of tactical decisions made during trial. The *Strickland* standard is highly deferential to strategic choices made by trial counsel. "So long as counsel made an adequate investigation, any strategic decisions made as a result of that investigation fall within the wide range of objectively reasonable professional assistance." *Cotton v. Cockrell*, 343 F.3d 746, 752 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 1417 (2004), *quoting Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004). A conscious and informed decision on trial tactics cannot form the basis of an ineffective assistance of counsel claim "unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Id.* at 753, *quoting United States v. Jones*, 287 F.3d 325, 331 (5th Cir.), *cert. denied*, 123 S.Ct. 549 (2002).

Petitioner criticizes Tinsley for failing to introduce evidence of the victim's drug use and his own drug addiction and mental health problems, for not challenging evidence regarding the severity

of the victim's injuries, and for not calling his mother and stepfather as witnesses at sentencing. Contrary to petitioner's argument, evidence regarding the victim's drug use was elicited at trial. (*See* SF-I at 8-9). Petitioner also testified about his own drug problems and history of mental illness. (*See id.* at 50-51). Evidence regarding the severity of the victim's injuries was not material to guilt or innocence. Even if this evidence was material to punishment, petitioner received the mandatory minimum punishment for a second degree felony offense enhanced by two prior convictions. Therefore, petitioner was not prejudiced by the admission of this evidence. The same is true for Tinsley's failure to call petitioner's mother and stepfather as witnesses at the sentencing hearing. As the trial judge observed:

> I don't think this case is worth 25 years, but I'm not the charging attorney. I didn't have the power to charge this offense. I can only deal with the facts and the law that are given to me.

(*Id.* at 74). In view of petitioner's two prior felony convictions, no amount of mitigating evidence could have avoided a 25-year sentence.

4.

Petitioner also faults Tinsley for failing to challenge his conviction on the lesser charge of aggravated assault--an offense not alleged in the indictment. It is generally accepted that a defendant has sufficient notice of an offense included within an indictment charging a more aggravated degree of that offense. *See Fransaw v. Lynaugh*, 810 F.2d 518, 529 (5th Cir.), *cert. denied*, 107 S.Ct. 3237 (1987). In *Fransaw*, the Fifth Circuit held:

> [The] lesser included offense doctrine permits the court to charge the jury on a lesser unindicted offense where that offense is complete upon commission of some of the elements of the crime charged. The doctrine developed at common law to assist the prosecution in cases where the evidence failed to establish some element of the offense originally charged. As the doctrine now stands, defendants also frequently invoke it.

> The Supreme Court has discussed the lesser included offense doctrine on numerous occasions without suggesting that it is in any way inconsistent with the constitutional requirement that defendant be put on notice of the charges against him. Our cases likewise discuss the lesser included offense doctrine without questioning its constitutionality. In short, the doctrine is on sound constitutional footing and is available to the government as well as to defendants.

*Id.* (internal quotations and citations omitted); *see also Williams v. Dretke*, No. 3-02-CV-1117-D, 2004 WL 2607964 at *3 (N.D. Tex. Nov. 16, 2004), *rec. adopted*, 2004 WL 2974716 (N.D. Tex. Dec. 14, 2004). Because aggravated assault is a lesser included offense of aggravated robbery, *see Royster v. State*, 622 S.W.2d 442, 446 (Tex. Crim. App. 1981), counsel had no grounds for objecting to petitioner's conviction on the lesser charge.

B.

Next, petitioner contends that he received ineffective assistance of counsel on appeal because his attorney failed to challenge his conviction on the lesser charge of aggravated assault and did not raise claims involving unspecified violations of his Fifth, Sixth, and Fourteenth Amendment rights. "The Constitution does not require appellate counsel to raise every nonfrivolous ground that might be pressed on appeal." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir.), *cert. denied*, 110 S.Ct. 419 (1989); *see also Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 3313, 77 L.Ed.2d 987 (1983). Instead, counsel is obligated only to raise and brief those issues that are believed to have the best chance of success. *See Schaetzle*, 343 F.3d at 445; *United States v. Williamson*, 183 F.3d 458, 463 (5th Cir. 1999). In order to prove ineffective assistance of appellate counsel, a petitioner must show that the decision not to raise an issue on appeal fell below an objective standard of reasonableness. *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000), *citing Strickland*, 104 S.Ct. at 2064. This reasonableness standard requires counsel "to research relevant facts and law, or make an

informed decision that certain avenues will not prove fruitful." *Id., quoting Williamson*, 183 F.3d at 462.

Counsel raised three points of error on direct appeal. Two points of error attacked the sufficiency of the evidence. The other point of error involved petitioner's claim of self-defense. Although counsel did not argue that the indictment failed to charge petitioner with the lesser included offense of aggravated assault, thereby depriving the trial court of jurisdiction, the Texas Court of Criminal Appeals rejected a similar argument on state collateral review. There is no reason to believe that petitioner's aggravated assault conviction would have been reversed had the same claim been raised on direct appeal. *See Coker v. Thaler*, 670 F.Supp.2d 541, 554 (N.D. Tex. 2009) (appellate counsel was not ineffective for failing to appeal conviction on grounds that were considered and rejected on collateral review). Nor has petitioner shown that appellate counsel was ineffective for failing to raise unspecified constitutional claims. This ground for relief should be overruled.

C.

In two related grounds, petitioner contends that the evidence was legally and factually insufficient to support his conviction. Respondent counters that these claims are procedurally barred from federal habeas review.

1.

A federal court may not consider the merits of a habeas claim if a state court has denied relief due to a procedural default. *Sawyer v. Whitley*, 505 U.S. 333, 338, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992). The state court opinion must contain a "plain statement" that its decision rests on adequate and independent state grounds. *Harris v. Reed*, 489 U.S. 255, 261-62, 109 S.Ct 1038, 1042-43, 103 L.Ed.2d 308 (1989); *Smith v. Collins*, 977 F.2d 951, 955 (5th Cir. 1992), *cert. denied*,

114 S.Ct. 97 (1993). To be an adequate ground for denying relief, the state procedural rule must be strictly or regularly applied to similar claims. *See Hathorn v. Lovorn*, 457 U.S. 255, 262-63, 102 S.Ct. 2421, 2426, 72 L.Ed.2d 824 (1982); *Johnson v. Puckett*, 176 F.3d 809, 824 (5th Cir. 1999). A petitioner can overcome a procedural default only by showing: (1) cause for the default and actual prejudice; or (2) that the application of the state procedural bar would result in a fundamental miscarriage of justice. *See Smith v. Johnson*, 216 F.3d 521, 524 (5th Cir. 2000).

2.

Although petitioner challenged both the legal and factual sufficiency of the evidence on direct appeal, he did not file a petition for discretionary review. Instead, those claims were presented to the Texas Court of Criminal Appeals for the first time in an application for state post-conviction relief. Because Texas law does not allow a prisoner to collaterally attack the sufficiency of the evidence in a writ of habeas corpus, *see Ex parte Easter*, 615 S.W.2d 719, 721 (Tex. Crim. App.), *cert. denied*, 102 S.Ct. 481 (1981), the state habeas court rejected petitioner's sufficiency claim on procedural grounds. *Ex parte Newton*, WR-51,952-03, Tr-II at 90. Petitioner is therefore procedurally barred from challenging the sufficiency of the evidence on federal habeas review. *See, e.g. Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994); *Gruenfelder v. Quarterman*, No. 3-07-CV-0646-M, 2007 WL 3071015 at *2 (N.D. Tex. Oct. 19, 2007), *COA denied*, No. 07-11156 (5th Cir. Aug. 19, 2008).

### RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1);

FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 20, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE