UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RONALD EVERETT NEWTON,   )<br>                                                  )<br>            Petitioner,             )<br>                                                  )<br>VS.                                            )<br>                                                  )<br>RICK THALER, Director, Texas    )<br>Department of Criminal Justice,   )<br>Correctional Institutions Division, )<br>                                                  )<br>            Respondent.            ) | CIVIL ACTION NO.<br><br>3:09-CV-0489-G<br><br>**ECF** |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND DENYING A CERTIFICATE OF APPEALABILITY

United States Magistrate Judge Jeff Kaplan made findings, conclusions, and a recommendation in this case. The petitioner filed objections (docket entry 33), and the district court has made a *de novo* review of those portions of the proposed findings, conclusions, and recommendation to which objection was made. The objections are overruled, and the court **ACCEPTS** Judge Kaplan's findings, conclusions, and recommendation. The court also overrules the petitioner's objections to orders previously entered by Judge Kaplan (docket entries 22 and 26). In addition, the

court **DENIES** the petitioner's motion for declaratory judgment and injunctive relief (docket entry 28). Finally, the court **DENIES** the petitioner's motion and notice of motion for leave to file an amended pleading (docket entry 34).

## I. THE PETITIONER'S OBJECTIONS

The petitioner objects to Judge Kaplan's findings, conclusions, and recommendation on the ground that his underlying conviction is subject to a variety of federal constitutional infirmities, but all of these infirmities are alleged to trace back to a common origin: that the state trial court did not have jurisdiction to convict the petitioner of aggravated assault because he was not charged with that offense in his indictment. The court concludes that this objection is without merit.

Under Texas law, a trial court has jurisdiction to convict a defendant of an offense not charged in an indictment only if that offense is a lesser-included offense of the offense charged. *McLeod v. State*, 56 S.W.3d 704, 708 (Tex. App.--Houston [14th Dist.] 2001, no pet.); *Castillo v. State*, 944 S.W.2d 440, 442 (Tex. App.--Houston [14th Dist.] 1997, no writ); *see also* TEX. CODE CRIM. PROC. art. 37.08 ("In a prosecution for an offense with lesser included offenses, the jury may find the defendant not guilty of the greater offense, but guilty of any lesser included offense."). "An offense is a lesser included offense if," *inter alia*, "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." TEX. CODE CRIM. PROC. art. 37.09(1). The term "facts required"

in Article 37.09(1) "means the evidence legally required to prove the elements" of the greater offense. *Jacob v. State*, 892 S.W.2d 905, 908 (Tex. Crim. App. 1995).

It is well-established under Texas law that aggravated assault can be a lesser-included offense of aggravated robbery. See, *e.g.*, *Watson v. State*, 605 S.W.2d 877, 884 (Tex. Crim. App. 1979). A person commits the offense of aggravated robbery if the person commits robbery (*i.e.*, intentionally, knowingly, or recklessly causes bodily injury to another while in the course of committing the crime of theft and with intent to obtain or maintain control of the property) and uses or exhibits a deadly weapon. *See* TEX. PENAL CODE § 29.03(a)(2); 29.02(a)(1). A person commits the offense of aggravated assault if the person commits assault (*i.e.*, intentionally, knowingly, or recklessly causes bodily injury to another) and uses or exhibits a deadly weapon while committing the assault. See *id.* § 22.02(a)(2); § 22.01(a)(1).

In this case, the court concludes that the trial court retained jurisdiction to convict the petitioner of aggravated assault after finding him not guilty on the charged count of aggravated robbery because aggravated assault was a lesser-included offense of aggravated robbery as charged in the indictment. In relevant part, the indictment alleges that the petitioner:

> did unlawfully then and there while in the course of
> committing theft and with intent to obtain and maintain
> control of the property of JIMMY COLEMAN, hereinafter
> called complainant, . . . without the effective consent of the
> said complainant and with intent to deprive said
> complainant of said property, did then and there

> intentionally and knowingly cause bodily injury to said complainant, by striking complainant with a cane, and said defendant did then and there use and exhibit a deadly weapon, to-wit: a cane.

True Bill Indictment of Ronald Everett Newton, *attached to* Petitioner's Objections to Magistrate Judge's Findings and Recommendation (docket entry 33). So, to prove that the petitioner committed aggravated robbery, the state had to establish that (1) he intentionally or knowingly caused bodily injury to Jimmy Coleman; (2) he did so while in the course of committing theft; (3) he did so with the intent to obtain or maintain control of the stolen property; and (4) he used or exhibited a deadly weapon. To prove that the petitioner committed aggravated assault, the state only had to establish the first and fourth of those elements. The commission of aggravated assault thus could be established by less than all the facts required to prove the commission of aggravated robbery. Therefore, aggravated assault was a lesser-included offense in the petitioner's indictment, and the trial court had jurisdiction to convict him of that offense. All of the petitioner's objections to Judge Kaplan's findings, conclusions, and recommendation are predicated on his belief that the trial court lacked jurisdiction to convict him of aggravated assault. Because that belief is erroneous, the petitioner's objections are overruled, and the court adopts the findings and conclusions and accepts the recommendation of Judge Kaplan.

## II.  PREVIOUS OBJECTIONS AND MOTIONS

The court overrules the objections filed by the petitioner on September 21, 2009 (docket entry 22) to Judge Kaplan's order (docket entry 21) denying the petitioner's motion for an oral hearing (docket entry 20).  The petitioner had no entitlement to a hearing on his petition; the decision whether to hold such a hearing was committed to Judge Kaplan's discretion.  *Murphy v. Johnson*, 205 F.3d 809, 815 (5th Cir.), *cert. denied*, 531 U.S. 957 (2000).  A district court reviews a magistrate judge's discretionary disposition of a nondispositive pretrial matter under a very deferential abuse-of-discretion standard.  See *Hamilton v. First American Title Insurance Company*, 2010 WL 791421, at *3 (N.D. Tex. Mar. 8, 2010) (Fish, J.).  The petitioner's objections fail to establish that Judge Kaplan abused his discretion by denying the petitioner's motion for an oral hearing.

For the same reasons, the objections filed by the petitioner on October 26, 2009 (docket entry 26) objecting to both Judge Kaplan's order (docket entry 24) denying his motion requesting judicial notice of documented facts (docket entry 17) and Judge Kaplan's order (docket entry 25) denying his petition for a writ of habeas corpus *ad testificandum* (docket entry 23) are also overruled.  See *Amadasu v. The Christ Hospital*, 514 F.3d 504, 507-08 (6th Cir. 2008) (affirming the decision of a magistrate judge not to hold a formal hearing on the issue of judicial notice); *Aguilar v. Shaw*, 129 F.3d 610 (tbl.), 1997 WL 681156, at *1 (5th Cir. Oct. 20, 1997) (per

curiam) (reviewing the decision of a magistrate judge to deny a writ of habeas corpus *ad testificandum* for an abuse of discretion).

Next, the grounds on which the petitioner's motion for declaratory judgment and injunctive relief (docket entry 28) asserts that the petitioner is entitled to the requested relief are entirely duplicative of the grounds on which the petitioner asserted that he was entitled to a writ of habeas corpus. For the reasons stated in Judge Kaplan's findings, conclusions, and recommendation, the petitioner's motion is denied.

Finally, the court denies the petitioner's motion for leave to amend (docket entry 34). As a threshold matter, the court is unable to determine which pleading the petitioner seeks to amend. Putting that difficulty aside, the court has reviewed the petitioner's proposed amendment and determined that it does not articulate any grounds for granting the petition that had not already been articulated in the petitioner's previous filings. Because the court has concluded that those grounds are without merit, the court denies the motion for leave to amend as futile. Cf. *Stripling v. Jordan Production Company, LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) ("It is within the district court's discretion to deny a motion to amend if it is futile. . . . '[F]utility' in this context . . . mean[s] that the amended complaint would fail to state a claim upon which relief could be granted.") (citations omitted).

III. CERTIFICATE OF APPEALABILITY

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **DENIES** a certificate of appealability.  The court adopts and incorporates by reference the magistrate judge's findings, conclusions and recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[*]

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

> **(a) Certificate of Appealability.**  The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of

(continued...)

In the event the petitioner will file a notice of appeal, the court notes that

(**X**)   the petitioner will proceed *in forma pauperis* on appeal.
(  )   the petitioner will need to pay the $455.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

**SO ORDERED**.

June 25, 2010.

*C. Joe Fish*
_____
**A. JOE FISH**
**Senior United States District Judge**

---

*(...continued)
    Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

    **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.