IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RONALD NEWTON § | |
| (TDCJ No. 1299706), § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | No. 3:09-cv-489-G-BN |
| § | |
| LORIE DAVIS, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division,[1] § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Ronald Newton, a Texas inmate, filed in this closed action under 28 U.S.C. § 2254, which was referred to the undersigned United States magistrate judge under 28 U.S.C. § 636(b)(1), a *pro se* motion titled Petitioner's Amended And Supplemental Pleading Pursuant To Fed. Rule Civ. Proc. Rule 15(c)(1)(B). *See* Dkt. No. 42. Because Newton has filed, in substance, an unauthorized successive habeas petition, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should transfer the construed habeas application to the United States Court of Appeals for the Fifth Circuit for appropriate action. The undersigned further recommends that the Court should direct the Clerk of the Court to open for statistical purposes a new Section 2254 case (nature of suit 530 directly

---

[1] Although Newton has named as respondent Bryan Collier, the Clerk is DIRECTED to substitute as respondent Lorie Davis, the current Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

assigned, per Special Order 3-250, to Senior United States District Judge A. Joe Fish and United States Magistrate Judge David L. Horan) and to close the same on the basis of any order accepting this recommendation.

## Applicable Background

In 2005, Newton was convicted of aggravated assault with a deadly weapon and sentenced to 25 years of imprisonment. His conviction and sentenced were affirmed on direct appeal, *see generally Newton v. State*, No. 05-05-00624-CR, 2006 WL 1529708 (Tex. App – Dallas June 6, 2006, no pet.), and Newton's state habeas application was denied without written order on the findings of the trial court, *see Ex parte Newton*, WR-51,952-03 (Tex. Crim. App. Jan. 14, 2009).

In 2010, this Court denied his federal habeas application, which asserted claims (1) that he received ineffective assistance of counsel at trial and on appeal and (2) that the evidence in support of his conviction was legally and factually insufficient. *See Newton v. Thaler*, No. 3:09-cv-489-G, 2010 WL 2605255 (N.D. Tex. May 20, 2010), *rec. adopted*, 2010 WL 2605363 (N.D. Tex. June 25, 2010). This Court and, subsequently, the Fifth Circuit denied Newton a certificate of appealability. *See id.*; *Newton v. Thaler*, No. 10-10757 (5th Cir. Jan. 26, 2011).

He then filed a successive habeas petition attacking alleged defects with the grand jury proceedings and his resulting indictment, which this Court transferred to the Fifth Circuit for appropriate action. *See Newton v. Stephens*, No. 3:14-cv-4417-D-BN (N.D. Tex. Feb. 25, 2015), *authorization to file successive Section 2254 denied*, Nos. 15-10140 & -10199 (5th Cir. Dec. 9, 2015).

The current filing before the Court is an attempt to bring additional claims concerning the same state aggravated assault conviction. *See* Dkt. Nos. 42 & 43.

## Legal Standards and Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") limits the circumstances under which a state prisoner may file a "second or successive" application for federal habeas relief, *see generally* 28 U.S.C. § 2244, and "was enacted in part to bring finality to state court judgments," *Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009) (citing *Williams v. Taylor*, 529 U.S. 420, 436 (2000)). As the Fifth Circuit has explained,

> Section 2244 lays out the requirements for filing successive petitions, serving as gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second. In *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998), we defined a "second or successive" petition as one that "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." Section 2244 specifies when a later-in-time petition will be heard. Despite its strictures, the case law clarifies that there is a category of petitions that, even though later in time, are outside the confines of § 2244 and will be heard because they are not "second or successive" within the meaning of AEDPA.

*Id.* (footnotes omitted and internal citation modified).

Where multiple Section 2254 petitions attack the same judgment(s), a court "'look[s] to pre-AEDPA abuse of the writ principles in determining whether [a] petition is successive.'" *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008) (quoting *Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003)); *see id.* ("We held that Crone's

petition was successive because he 'knew of all of the facts necessary to raise his [second] claim before he filed his initial federal petition.' This holding aligned with our 'strong policy against piecemealing claims.'" (quoting *Crone*, 324 F.3d at 837)).

The Court must determine whether a subsequent federal habeas application is second or successive within the meaning of AEDPA to ensure that there is subject matter jurisdiction. *See Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)); *see also Crone*, 324 F.3d at 836 (collecting cases); *cf. Linzy v. Faulk*, No. 14-cv-00962-BNB, 2014 WL 5355293, at *3 (D. Colo. Oct. 21, 2014) ("[t]he one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional," and "[t]here is no language in 28 U.S.C. § 2244(d) that would prohibit [a court] from bypassing the issue of timeliness if the claims asserted in the § 2254 Application are without merit" (citing *Day v. McDonough*, 547 U.S. 198, 205 (2006))).

A claim presented in a second or successive application under Section 2254 must be dismissed unless:

    (A)    the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)    (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

              (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no

>   reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). But that determination must be made by a three-judge panel of the circuit court of appeals before a petitioner files an application in district court. *See id.* § 2244(b)(3); *see also Garcia Briseno v. Dretke*, Civ. A. No. L-05-08, 2007 WL 998743, at *2 (S.D. Tex. Mar. 29, 2007) ("A circuit court preliminarily authorizes the filing of a successive action if a petitioner shows that it is 'reasonably likely' that his successive petition meets section 2244(b)'s 'stringent requirements.'" (quoting *In re Morris*, 328 F.3d 739, 740 (5th Cir. 2003))).

The undersigned finds that the current construed habeas petition is successive. And Newton's failure to obtain authorization from the Fifth Circuit under Section 2244(b)(3) before filing it here "acts as a jurisdictional bar to [this Court's] asserting jurisdiction over [it] until [the Fifth Circuit grants him] permission to file [it]." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citations omitted). It therefore

>   is appropriate for the Court to dismiss the successive [habeas application] without prejudice pending review by a three-judge panel of the Fifth Circuit[, but] it is also appropriate to transfer [it] to the Fifth Circuit for a determination of whether [the petitioner] should be allowed to file the successive [application] in the district court.

*United States v. King*, Nos. 3:97-cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003) (citations omitted), *rec. adopted*, 3:03-cv-1524-D, Dkt. No. 7 (N.D. Tex. July 28, 2003). And the undersigned finds that transfer to the Fifth Circuit, as opposed to dismissal without prejudice, is appropriate.

## Recommendation

The Court should (1) transfer the construed habeas application to the United

States Court of Appeals for the Fifth Circuit for appropriate action and (2) direct the Clerk of the Court to open for statistical purposes a new Section 2254 case (nature of suit 530 directly assigned, per Special Order 3-250, to Senior United States District Judge A. Joe Fish and United States Magistrate Judge David L. Horan) and to close the same on the basis of any order accepting this recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 20, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE